[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (FDIC), as Receiver of New England Savings Bank (NESB), is seeking in this action a judgment foreclosing a purchase-money second mortgage to Renwood Associates Limited Partnership (RALP) from Renwood Mansfield Associates (RMA). RALP has raised several issues in its defense of the action. In regard to two of those issues, FDIC has filed the Motion in Limine (the Motion) that is the subject of this Memorandum of Decision.
The first issue arises out of RALP's claim that a merger of legal and equitable estates occurred when NESB accepted a deed-in-lieu-of-foreclosure from a mortgagor whose mortgage was senior to RALP's mortgage. The Motion seeks an order barring evidence about the intent of NESB in accepting the deed. During the hearing on the Motion, counsel for RALP stated, "With respect to evidence concerning New England Savings Bank's conduct as to intent. On the merger issue I agree that that evidence will not be admitted. However, anything that the FDIC may have done with regard to conduct in managing, controlling, owning this property, that will be admissible." Counsel for FDIC then stated: "I am in agreement with that." On the basis of those statements, and the D'Oench doctrine, the court holds that, in this action, on the issue of the intent of New England Savings Bank in the deed-in-lieu-of-foreclosure transaction, no evidence of the conduct of New England Savings Bank will be admissible.
The second issue concerns a claim that may be made by RALP, i.e. that the amount due on the senior mortgage should be reduced by the value of the property deeded by the deed-in-lieu-of-foreclosure. With regard to this claim, FDIC comments in its brief: "[T]he defendant's set-off argument is merely the merger argument dressed differently." The court agrees with that comment. The extent, if any, to which the value of the property transferred by the deed will affect the judgment in this case will depend on what the court finds with respect to merger. Granting the Motion on this issue now would be ruling on an issue that still has to be tried. The Motion with respect to set-off is denied.
Rubinow State Trial Referee CT Page 5885